# EXHIBIT B

UNITED STATES PATENT AND TRADEMARK OFFICE

COMMISSIONER FOR PATENTS
UNITED STATES PATENT AND TRADEMARK OFFICE
P.O. Box 1450
ALEXANDRIA, VA 22313-1450
www.uspto.gov

| CONTROL NO. | FILING DATE | PATENT IN REEXAMINATION | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 95/000066 | 12/17/2004 | 6789673 | |

Daniel D. Chapman, Esq.
JACKSON WALKER LLP
112 E. Pecan Street Suite 2100
San Antonio TX 78205-1521

| EXAMINER |
|---|
| Jimmy G. Foster |

| ART UNIT | PAPER |
|---|---|
| 3728 | |

DATE MAILED:

02/28/05

## *INTER PARTES* REEXAMINATION
## COMMUNICATION

BELOW/ATTACHED YOU WILL FIND A COMMUNICATION FROM THE UNITED
STATES PATENT AND TRADEMARK OFFICE OFFICIAL(S) IN CHARGE OF THE
PRESENT REEXAMINATION PROCEEDING.

**All correspondence** relating to this *inter partes* reexamination proceeding should be directed to
the **Central Reexamination Unit** at the mail, FAX, or hand-carry addresses given at the end of
this communication.

PTOL-2071 (Rev.07-04)

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

R. Bruce Bower
Finnegan Henderson Farabow Garrett & Dunner LLP
1300 I Street NW
Washington DC 20005

# Transmittal of Communication to Third Party Requester
## *Inter Partes* Reexamination

REEXAMINATION CONTROL NUMBER *95/000,066*.

PATENT NUMBER *6,789,673*.

TECHNOLOGY CENTER *3700*.

ART UNIT *3728*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above-identified reexamination proceeding. 37 CFR 1.903.

Prior to the filing of a Notice of Appeal, each time the patent owner responds to this communication, the third party requester of the *inter partes* reexamination may once file written comments within a period of 30 days from the date of service of the patent owner's response. This 30-day time period is statutory (35 U.S.C. 314(b)(2)), and, as such, it <u>cannot</u> be extended. See also 37 CFR 1.947.

If an *ex parte* reexamination has been merged with the *inter partes* reexamination, no responsive submission by any *ex parte* third party requester is permitted.

**All correspondence** relating to this inter partes reexamination proceeding should be directed to the **Central Reexamination Unit** at the mail, FAX, or hand-carry addresses given at the end of the communication enclosed with this transmittal.

| ORDER GRANTING/DENYING REQUEST FOR INTER PARTES REEXAMINATION | Control No. 95/000,066 | Patent Under Reexamination 6789673 | |
|---|---|---|---|
| | Examiner | Art Unit | |
| | Jimmy G Foster | 3728 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address. --*

The request for *inter partes* reexamination has been considered. Identification of the claims, the references relied on, and the rationale supporting the determination are attached.

Attachment(s):  ☒ PTO-892  ☒ PTO-1449 or PTO/SB/08  ☐ Other: _____

1. ☒ The request for *inter partes* reexamination is GRANTED.

    ☐ An Office action is attached with this order.

    ☒ An Office action will follow in due course.

2. ☐ The request for *inter partes* reexamination is DENIED.

This decision is not appealable. 35 U.S.C. 312(c). Requester may seek review of a denial by petition to the Director of the USPTO within ONE MONTH from the mailing date hereof. 37 CFR 1.927. EXTENSIONS OF TIME ONLY UNDER 37 CFR 1.183. In due course, a refund under 37 CFR 1.26(c) will be made to requester.

**All correspondence** relating to this *inter partes* reexamination proceeding should be directed to the **Central Reexamination Unit** at the mail, FAX, or hand-carry addresses given at the end of this Order.

Application/Control Number: 95/000,066                                    Page 2

Art Unit: 3728

## DECISION GRANTING INTER PARTES REEXAMINATION

A substantial new question of patentability affecting claims 1-29 of United States Patent Number 6,789,673 to *Lingamfelter* is raised by the present request for inter partes reexamination filed on December 17, 2004.

Extensions of time under 37 CFR 1.136(a) will not be permitted in inter partes reexamination proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to the patent owner in a reexamination proceeding. Additionally, 35 U.S.C. 314(c) requires that inter partes reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.937). Patent owner extensions of time in inter partes reexamination proceedings are provided for in 37 CFR 1.956. Extensions of time are not available for third party requester comments, because a comment period of 30 days from service of patent owner's response is set by statute. 35 U.S.C. 314(b)(3).

1)      The request indicates that the third party requester considers claims 19-21, 23 and 24 of the *Lingamfelter* patent to be anticipated by the Laid Open Japanese Utility Model 7-9721 to *Imazato* et al (*Imazato*).

2)      The request indicates that the third party requester considers claims 19-21 and 23-24 of the *Lingamfelter* patent to have been obvious over *Imazato*.

3)      The request indicates that the third party requester considers claim 22 of the *Lingamfelter* patent to have been obvious over *Imazato* in view of Admitted Prior Art or the U.S. Patent No. 2,718,301 to *Palmer* (*Palmer*).

4)      The request indicates that the third party requester considers claims 25-27 of the *Lingamfelter* patent to have been obvious over *Imazato* in view of the published U.K. Patent Application No. 2,186,550 to *Wonnacott* (*Wonnacott*).

5)      The request indicates that the third party requester considers claims 1, 2, 4-7, 9-11, 13-16, 18, 28 and 29 of the *Lingamfelter* patent to have been obvious over *Imazato* in view of U.S. Patent No. 3,178,242 to *Ellis* (*Ellis*) or Canadian Patent No. 8748828 to *Cherry* (*Cherry*) and U.S. Patent No. 3,265,283 to *Farquhar* (*Farquhar*).

6)      The request indicates that the third party requester considers claims 3, 8, 12 and 17 of the *Lingamfelter* patent to have been obvious over *Imazato* in view of *Ellis* or *Cherry*, and further in view of Admitted Prior art or *Palmer*.

7)      The request indicates that the third party requester considers claims 1, 2, 4-7, 9-11, 13-16, 18-21, 23, 24, 28 and 29 of the *Lingamfelter* patent to be anticipated by *Ellis*.

Application/Control Number: 95/000,066                                        Page 3

Art Unit: 3728

8)      The request indicates that the third party requester considers claims 1, 2, 4-7, 9-11, 13-16, 18-21, 23, 24, 28 and 29 of the *Lingamfelter* patent to have been obvious over *Ellis*

9)      The request indicates that the third party requester considers claims 1, 2, 4-7, 9-11, 13-16 and 18 of the *Lingamfelter* patent to have been obvious over either *Ellis* or *Ellis* in view of *Imazato*.

10)     The request indicates that the third party requester considers claims 1, 2, 4-7, 9-11, 13-16, 18-21, 23, 24, 28 and 29 of the *Lingamfelter* patent to have been obvious over *Ellis* in view of *Imazato*.

11)     The request indicates that the third party requester considers claims 3, 8, 12, 17 and 22 of the *Lingamfelter* patent to have been obvious over (i) *Ellis* in view of Admitted Prior Art or *Palmer* or (ii) *Ellis* and *Imazato* in view of Admitted Prior Art or *Palmer*.

12)     The request indicates that the third party requester considers claims 25-27 of the *Lingamfelter* patent to have been obvious over *Ellis* in view of *Wonnacott* or *Ellis* in view of *Imazato* and *Wonnacott*

13)     The request indicates that the third party requester considers claims 1-29 of the *Lingamfelter* patent to have been obvious over *Wonnacott*, U.S. Patent No. 6,105,854 to *Spivey* (*Spivey*), or published Canadian Patent Application No. 2,246,020 to *Kornick* (*Kornick*) in view of *Ellis*.

14)     The request indicates that the third party requester considers claims 1-18 of the *Lingamfelter* patent to have been obvious over any of *Wonnacott*, *Spivey*, or *Kornick* in view of either *Ellis*, or *Ellis* further in view of *Imazato*.

15)     The request indicates that the third party requester considers claims 6, 8-10, 15, 17 and 18 of the *Lingamfelter* patent to be anticipated by *Cherry*.

16)     The request indicates that the third party requester considers claims 6 and 8-10 of the *Lingamfelter* patent to have been obvious over *Cherry*.

17)     The request indicates that the third party requester considers claims 15, 17 and 18 of the *Lingamfelter* patent to have been obvious over *Cherry* in view of *Imazato*

18)     The request indicates that the third party requester considers claims 1-5, 7, 11-14, 16 and 19-29 of the *Lingamfelter* patent to have been obvious over either *Cherry* or *Cherry* in view of *Imazato* or *Ellis*.

It is agreed that the consideration of *Imazato* raises a substantial new question of patentability as to claims 19-21, 23 and 24 of the *Lingamfelter* patent. Moreover, it is further agreed that the consideration of *Imazato*, when taken with Admitted prior art, *Palmer*, *Wonnacott*, *Ellis*, *Cherry*, *Farquhar*, *Spivey* and *Kornick* in the various art combinations listed above, raises a substantial new question of patentability as to the respective claims indicated.

Regarding claims 19-21, 23 and 24, the front wall of the container/packing box 10 of *Imazato*, which is defined by the flaps 21,24,27,30, is considered by the examiner to include score line segments/cut-in

Application/Control Number: 95/000,066                                               Page 4
Art Unit: 3728

guides 35, including at least one set of the score line segments which are located between the bottom
level of the top row and the bottom level of the next-to-the-top row (see Fig 4). This permits selective
removal of a front wall segment from the side wall front edges of the container at a location above the
one set of score line segments, in a manner so as to define a lip that will retain the cans in the next-to-
the-top row. Additionally, the top wall/ceiling flap 13 of the container 10 is considered to include score
line segments/cut-in guides 52, which permit removal of a top wall portion from the remainder of the
top wall, as shown for the embodiment of Figure 6, or selective removal of a top wall portion from the
side wall top edges, as shown for the embodiment of Figure 12. Moreover, the rows and columns of
beverage cans contained in the container 10 are considered to have axes that are substantially parallel to
the front wall of the container. This combination of score line segments in the top and side walls, and
beverage cans which are substantially parallel to the front wall of the container was not addressed with
respect to a single reference in the prosecution of the application for patent. Furthermore, there is a
substantially likelihood that a reasonable examiner would have considered this teaching important in
deciding whether or not the claims 19-21, 23 and 24 are patentable. Accordingly, *Imazato* raises a
substantial new question of patentability as to claims 19-21, 23 and 24, and *Imazato* further raises a
substantial new question of patentability as to the respective groups of claims indicated above (see
paragraphs (3)-(6), (9), (10), (12), (14), (17) and (18)), when taken in the various combinations,
indicated above, with Admitted prior art, *Palmer*, *Wonnacott*, *Ellis*, *Cherry*, *Farquhar*, *Spivey* and
*Kornick*.

It is agreed that the consideration of *Ellis* raises a substantial new question of patentability as to claims
1, 2, 4-7, 9-11, 13-16, 18-21, 23, 24, 28 and 29 of the *Lingamfelter* patent. Moreover, it is further
agreed that the consideration of *Ellis*, when taken with *Imazato*, Admitted prior art, *Palmer*,
*Wonnacott*, *Cherry*, *Spivey* and *Kornick* in the various art combinations listed above, raises a substantial
new question of patentability as to the respective claims indicated.

Regarding claims 1, 2, 4-7, 9-11, 13-16, 18-21, 23, 24, 28 and 29, the front wall/front 14 of *Ellis*
includes score lines at 21. Additionally, the side walls 3,5 include score lines 26, and the top wall 4
includes a score line at 27. This combination of score lines, taken together with cuts 25 and with side
tabs 29 located in the side walls, defines a removable section R on the container/carton 1 of *Ellis*. Once
this section is removed as intended (see col. 2, lines 38-49), the resultant open container will include a
front wall that is shorter than the back wall (formed by flaps 9-12), a top wall that is shorter than the
bottom wall 2, and side walls which have edges (each defined by removal at the cuts 25 and scores 26)
that extend from the front wall to the top wall. Furthermore, these edges of the side walls will include
oblique portions, which are defined at the curved portions of cuts 25. Additionally, the contents of the
container constitute beverage cans which are arranged in stacked rows and which have their axes
oriented parallel with the plane of the front wall. The locations of the score lines 21 with respect to the
cans are such as to be disposed below the bottom level of the top row of cans, but above the bottom
level of the next-to-the-top row of cans. When the removable section is removed as intended, the
remaining front wall of the open container will define a lip that functions to retain the next-to-the-top
row in the container against falling out. This combination of features, including 1) a removable section
defined by score lines in the top, side and front walls, 2) an orientation of the cans parallel to the front
wall, 3) a lip which is located to retain the lower row against falling out, and 4) oblique edges in the
side walls of the open container, was not addressed with respect to a single reference in the prosecution
of the application for patent. Although *Ellis* was cited in an Information Disclosure Statement in the
application for patent, its details were neither described in the Information Disclosure Statement or the
applicant's remarks, nor were they discussed by the examiner during prosecution. Furthermore, there

is a substantially likelihood that a reasonable examiner would have considered this teaching of *Ellis* important in deciding whether or not the claims 1, 2, 4-7, 9-11, 13-16, 18-21, 23, 24, 28 and 29 are patentable. Therefore, *Ellis* raises a substantial new question of patentability as to claims 1, 2, 4-7, 9-11, 13-16, 18-21, 23, 24, 28 and 29, and *Ellis* further raises a substantial new question of patentability as to the respective groups of claims indicated above (see paragraphs (5), (6), (9)-(14) and (18)), when taken in the various combinations, indicated above, with *Imazato*, Admitted prior art, *Palmer*, *Wonnacott*, *Cherry*, *Spivey* and *Kornick*.

It is agreed that the consideration of *Cherry* raises a substantial new question of patentability as to claims 6, 8-10, 15, 17 and 18 of the *Lingamfelter* patent. Moreover, it is further agreed that the consideration of *Cherry*, when taken with *Imazato*, Admitted prior art, *Palmer*, *Wonnacott*, *Ellis*, *Spivey* and *Kornick* in the various art combinations listed above, raises a substantial new question of patentability as to the respective claims indicated.

Regarding claims 6, 8-10, 15, 17 and 18, the open container/ carrier shown in Figure 8 of *Cherry* includes a front wall, defined by flaps 32,36, whose top edge is defined by its hinged connection with the opened top corner portion. The upper edge of the side walls 26,28 of the open container are defined by a separation of material at the combination of the score line 40 and oblique score line 40A. Inasmuch as the score line 40 also extends across the top wall 27, separation of material at the score line 40 will also define a front edge of the top wall of the open container. Initially, beverage cans, which are in columns and rows in the container, will have an orientation that is generally perpendicular to the front wall 32,36. However, when empty cans are returned to the container through the opened top corner, the cans will be oriented parallel to said front wall. This combination of features, including oblique score lines or edges in the side walls defining the sides of a top corner opening, and beverage cans that are oriented parallel to the front wall, was not addressed with respect to a single reference in the prosecution of the application for patent. Furthermore, there is a substantially likelihood that a reasonable examiner would have considered the teaching of *Cherry* important in deciding whether or not the claims 6, 8-10, 15, 17 and 18 are patentable. Therefore, *Cherry* raises a substantial new question of patentability as to claims 6, 8-10, 15, 17 and 18, and *Cherry* further raises a substantial new question of patentability as to the respective groups of claims indicated above (see paragraphs (5), (6) and (15)-(18)), when taken in the various combinations, indicated above, with *Imazato*, Admitted prior art, *Ellis*, *Palmer* and *Farquhar*.

It is agreed that the consideration of each of *Wonnacott*, Spivey and *Kornick* raises a substantial new question of patentability as to claims 1-29 of the *Lingamfelter* patent, when taken with the teaching of *Ellis*. Moreover, it is further agreed that the consideration of each of *Wonnacott*, Spivey and *Kornick*, when taken with *Imazato* in the art combination listed above, raises a substantial new question of patentability as to claims 1-18.

Regarding claims 1-29, each of the disclosures of *Wonnacott*, *Spivey* and *Kornick* focuses on the problem of preventing beverage containers, which are provided in a lower row and which are oriented parallel to a container opening, from inadvertently rolling out of the opening of the container. The solution taught by each reference is to employ a portion of the front wall of the container as an obstruction. In *Wonnacott*, the handle 20, which is struck from the front wall (defined by flaps 23,24), obstructs the front opening against inadvertent removal of the cans therefrom (see Fig. 4). In *Spivey*, the opening in the container front wall, defined by the flaps 68,70, is smaller than the diameters of the containers. In *Kornick*, the front wall portion includes a hinged opening structure 3 that does not open

all the way down. The problem regarding preventing parallel containers of a lower row from freely exiting the opening in a front wall, and the solution of obstructing the opening so that containers will be hindered, was not addressed with respect to a single reference in the prosecution of the application for patent. Furthermore, there is a substantially likelihood that a reasonable examiner would have considered each of these teachings important in deciding whether or not the claims 1-29 are patentable. Therefore, each of *Wonnacott*, *Spivey* and *Kornick* raises a substantial new question of patentability as to claims 1-18, and they further raises a substantial new question of patentability as to claims 1-18 when they are taken with *Imazato* and *Ellis*.


Accordingly, reexamination is GRANTED. In view of this granting of reexamination, all of claims 1-29 of the U.S. Patent No. 6,789,673 will be reexamined.

All of the correspondence relating to this inter partes reexamination proceeding should be directed:

By Mail to:            Mail Stop *Inter Partes* Reexam
                       Central Reexamination Unit
                       Office of Patent Legal Administration
                       United States Patent & Trademark Office
                       Washington, D.C. 22313-1450

By FAX to:             (571) 273-0100
                       Central Reexamination Unit

By hand:               Customer Service Window
                       Randolph Building
                       401 Dulany Street
                       Alexandria VA 22314

Any inquiry concerning this communication or earlier communications from the examiner, or as to the status of this proceeding, should be directed to the Central Reexamination Unit at telephone number (571) 272-7705.


JIMMY G. FOSTER
PRIMARY EXAMINER,
TECHNOLOGY CENTER 3700

| | *Notice of References Cited* | Application/Control No.<br>95/000,066 | Applicant(s)/Patent Under<br>Reexamination<br>6789673 | | |
|---|---|---|---|---|---|
| | | Examiner<br>Jimmy G Foster | Art Unit<br>3728 | | Page 1 of 4 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| X | A | US-1,541,143 | 06-1925 | HOILE, RICHARD | 229/231 |
| X | B | US-1,925,102 | 09-1933 | LEVKOFF, EVELYN G. | 206/746 |
| X | C | US-2,448,819 | 09-1948 | MITCHELL, WILLIAM A. J | 221/63 |
| X | D | US-2,723,027 | 11-1955 | GUYER, REYNOLDS | 206/428 |
| X | E | US-2,842,304 | 07-1958 | RINGLER, WILLIAM A | 206/428 |
| X | F | US-2,930,516 | 03-1960 | FOWLE, IRVING H; et al | 229/122 |
| X | G | US-2,975,891 | 03-1961 | STONE, ORISON W. | 206/434 |
| X | H | US-3,228,582 | 01-1966 | OSBERG, STANLEY C. | 229/238 |
| X | I | US-3,263,861 | 08-1966 | CARR, HAROLD J. | 221/302 |
| X | J | US-RE26,083 | 09-1966 | FORRER, HOMER | 206/140 |
| X | K | US-3,300,115 | 01-1967 | SCHAUER, MARVIN L. | 221/305 |
| X | L | US-3,356,279 | 12-1967 | ROOT, GEORGE L. | 206/427 |
| X | M | US-3,517,858 | 06-1970 | FARQUHAR, MELVILLE T | 221/305 |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| X | N | 8514718.4 | 08-1985 | DE | --------- | --/-- |
| X | O | 3612594 A1 | 10-1987 | DE | --------- | --/-- |
| X | P | 0849189 A1 | 06-1998 | EP | --------- | --/-- |
| X | Q | WO 96/29260 | 09-1996 | WO | --------- | --/-- |
| X | R | WO 97/21607 | 06-1997 | WO | --------- | --/-- |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707 05(a).)
Dates in MM-YYYY format are publication dates  Classifications may be US or foreign

U.S. Patent and Trademark Office
PTO-892 (Rev 01-2001)                    Notice of References Cited                    Part of Paper No  20050222

| | Notice of References Cited | | |
|---|---|---|---|
| **Application/Control No** | 95/000,066 | **Applicant(s)/Patent Under Reexamination** | 6789673 |
| **Examiner** | Jimmy G Foster | **Art Unit** 3728 | Page 2 of 4 |

## U.S. PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| X | A | US-3,540,581 | 11-1970 | KOOLNIS, STANLEY R. | 206/193 |
| X | B | US-3,669,251 | 06-1972 | Phillips, Jr., Floyd L. | 206/756 |
| X | C | US-3,765,327 | 10-1973 | Aronson et al | 101/232 |
| X | D | US-3,765,527 | 10-1973 | Vargo, John W | 206/223 |
| X | E | US-3,894,681 | 07-1975 | Arneson et al | 221/305 |
| X | F | US-3,913,739 | 10-1975 | Hennessey, Russell J. | 206/434 |
| X | G | US-4,000,811 | 01-1977 | Hardison et al | 229/242 |
| X | H | US-4,030,596 | 06-1977 | Snyder et al. | 206/45.26 |
| X | I | US-4,214,660 | 07-1980 | Hunt, Jr., Letcher B. | 206/427 |
| X | J | US-4,222,485 | 09-1980 | Focke, Heinz | 206/141 |
| X | K | US-4,364,509 | 12-1982 | Holley et al. | 221/305 |
| X | L | US-4,375,258 | 03-1983 | Crayne et al. | 206/141 |
| X | M | US-4,396,143 | 08-1983 | Killy, Earl J. | 221/305 |

## FOREIGN PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

## NON-PATENT DOCUMENTS

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)                    **Notice of References Cited**                    Part of Paper No. 20050222

| *Notice of References Cited* | Application/Control No. 95/000,066 | Applicant(s)/Patent Under Reexamination 6789673 | |
|---|---|---|---|
| | Examiner Jimmy G Foster | Art Unit 3728 | Page 3 of 4 |

**U.S. PATENT DOCUMENTS**

| .* | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| X | A | US-4,416,410 | 11-1983 | Herrmann, Ronald S. | 206/395 |
| X | B | US-4,417,661 | 11-1983 | Roccaforte, Harry I. | 229/232 |
| X | C | US-4,582,199 | 04-1986 | Schuster, Richard L. | 206/428 |
| X | D | US-4,726,471 | 02-1988 | Whately et al | 206/554 |
| X | E | US-4,919,266 | 04-1990 | McIntosh et al. | 206/434 |
| X | F | US-4,974,771 | 12-1990 | Lavery, John J | 229/117 13 |
| X | G | US-5,123,589 | 06-1992 | Cote, Raymond A. | 229/232 |
| X | H | US-5,137,211 | 08-1992 | Summer et al | 229/164 |
| X | I | US-5,170,934 | 12-1992 | Lemoine, Ryne P. | 229/101 |
| X | J | US-5,279,440 | 01-1994 | Fougeres et al. | 220/288 |
| X | K | US-5,368,194 | 11-1994 | Oliff et al. | 221/305 |
| X | L | US-5,465,831 | 11-1995 | Smith, Jeffrey A. | 229/242 |
| X | M | US-5,622,309 | 04-1997 | Matsuda et al | 229/243 |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707 05(a) )
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

| | | |
|---|---|---|
| **Notice of References Cited** | Application/Control No. <br> 95/000,066 | Applicant(s)/Patent Under Reexamination <br> 6789673 |
| | Examiner <br> Jimmy G Foster | Art Unit <br> 3728 | Page 4 of 4 |

### U.S. PATENT DOCUMENTS

| * | | Document Number <br> Country Code-Number-Kind Code | Date <br> MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| X | A | US-5,722,584 | 03-1998 | Fujiwara, Jiro | 229/120.15 |
| X | B | US-5,775,574 | 07-1998 | Whitnell, Simon | 229/120.18 |
| X | C | US-5,878,947 | 03-1999 | Hoy et al | 229/122.1 |
| X | D | US-6,176,419 | 01-2001 | Holley, Jr, John M | 229/122.1 |
| X | E | US-6,283,293 | 09-2001 | Lingamfelter, C Brown | 206/427 |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

### FOREIGN PATENT DOCUMENTS

| * | | Document Number <br> Country Code-Number-Kind Code | Date <br> MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

### NON-PATENT DOCUMENTS

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign

U.S. Patent and Trademark Office
PTO-892 (Rev 01-2001)                    **Notice of References Cited**              Part of Paper No. 20050222

| IDS Form PTO/SB/08: Substitute for form 1449A/PTO | | | | Complete if Known | |
|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | | Patent Number | 6,789,673 |
| | | | | Issue Date | September 14, 2004 |
| | | | | First Named Inventor | LINGAMFELTER, C. Brown |
| | | | | Attorney Docket Number | 04965.0039 |
| Sheet | 1 | of | 1 | | |

### U.S. PATENTS AND PUBLISHED U.S. PATENT APPLICATIONS

| Examiner Initials | Cite No.[1] | Document Number — Number-Kind Code[2] (if known) | Issue or Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| ✓ | | US-2,178,301 | 09-20-1955 | Palmer | |
| ✓ | | US-3,178,242 | 04-13-1965 | Ellis | |
| ✓ | | US-3,265,283 | 08-09-1966 | Farquhar | |
| ✓ | | US-4,560,062 | 12-24-1985 | Vallulis | |
| ✓ | | US-6,105,854 | 08-22-2000 | Spivey | |
| | | | | | |

Note: Copies of the U.S. Patent Documents are not Required in IDS filed after October 21, 2004

### FOREIGN PATENT DOCUMENTS

| Examiner Initials | Cite No.[1] | Foreign Patent Document — Country Code[3] Number[4] Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | Translation[6] |
|---|---|---|---|---|---|---|
| ✓ | | JP 7-9721 (Japan) | 02-10-1995 | Imazato | | Yes |
| ✓ | | GB 2186550 (U.K.) | 08-19-1987 | Wonnacott | | |
| ✓ | | CA 2,246,020 (Canada) | 02-26-2000 | Kornick | | |
| ✓ | | CA 874B28 (Canada) | 07-06-1971 | Cherry | | |
| ✓ | | DE 7510536U (Germany) | 08-21-1975 | Parco Nahrungs Und Genussmitte | | No |

### NON PATENT LITERATURE DOCUMENTS

| Examiner Initials | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.) date, page(s), volume-issue number(s), publisher, city and/or country where published. | Translation[6] |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| Examiner Signature | *[signature]* | Date Considered | 2/22/05 |
|---|---|---|---|

EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.